IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MOUSSA DIARRA,** : <br> : <br> Petitioner, : <br> v. : <br> : NO. 5:21-cv-251-MTT-CHW <br> : <br> **CALVIN BROADUS** : <br> **a/k/a SNOOP DOGG,** : <br> : ORDER <br> : <br> Respondent. : <br> _____ : | |

Petitioner Moussa Diarra, a pretrial detainee in the Dekalb County Jail in Decatur, Georgia, has filed a Petition for Writ of Mandamus. ECF No. 1. He has also moved to proceed *in forma pauperis*. ECF No. 2.

### I.   MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears Petitioner is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**. ECF. No. 2.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial

1

filing fee prior to filing will be waived.

Petitioner's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Petitioner will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of Petitioner shall forward said payments from Petitioner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk of court is **DIRECTED** to send a copy of this Order to the Dekalb County Jail.

I. Directions to Petitioner's Custodian

Because Petitioner has now been granted leave to proceed *in forma pauperis* in the above-captioned case, it is hereby **ORDERED** that the warden of the institution wherein Petitioner is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the CLERK of this Court twenty percent (20%) of the preceding month's income credited to Petitioner's trust account at said institution until the $350.00 filing fee has been paid in full. The funds shall be collected and withheld by the prison account custodian who shall, on a monthly basis, forward the amount collected as payment towards the filing fee, provided the amount in the prisoner's account exceeds $10.00. The custodian's collection of payments shall continue until the entire fee has been collected, notwithstanding the dismissal of

Petitioner's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II. Petitioner's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Petitioner is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Petitioner of any balance due on these payments by any means permitted by law in the event Petitioner is released from custody and fails to remit such payments. Petitioner's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## II. STANDARD OF REVIEW

A district court is obligated to conduct a preliminary screening of every complaint when the Plaintiff or Petitioner is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). When conducting a preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). But under 28 U.S.C. § 1915, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Pro se

pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes,* 350 F.3d at 1160 (quotation marks and citation omitted). Still, the Court must dismiss a prisoner complaint if it "is frivolous, malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   FACTUAL ALLEGATIONS

Petitioner states that he is a "descendant of '2 Pac' Tupac Shakur . . . whom [Respondent] 'Snoop' . . . signed to the record label called Death Row Records and had

great success in various streams in the industry world, including top selling charts, movies, etc." ECF No. 1 at 2.  Petitioner seems to indicate that his "incarceration has limited his ability to" protect his business relationship with Calvin Broadus, a/k/a Snoop Dogg.  *Id*. at 1.  He alleges that unnamed "third parties" are interfering with this relationship and adversely affecting his rights.  *Id*.  Petitioner states that he wants a "petition for mandamus to arbitrate an agreement."  *Id*.  He indicates that he "seeks an arbitration enforcement award from [Respondent] regarding deposits and payments for artist[s], hosts, hotels, airfare, stage and lighting vendor[s], and other service provider[s] and contracts for planned 2016 totaling [$]2,500,000; and another [$]1,000,000 of payment obligation and royalty fees under various shares related to business/advertisement."  *Id*. at 2.

## IV.  ANALYSIS

The Court first notes that jurisdiction in this action is questionable.  Petitioner states that the Court has diversity jurisdiction.  *Id*. at 1.  However, Petitioner fails to tell the Court where Calvin Broadus a/k/a Snoop Dogg resides.  He states that Respondent's "principal place [of] business is [California]."  *Id*. at 3.  But Petitioner is unable to provide details because Respondent's address is in Petitioner's "personal property (cell phone)," to which Petitioner apparently does not have access due to his incarceration in the Dekalb County Jail.  *Id*.

Assuming diversity jurisdiction, this action still must be dismissed for two reasons. First, the factual allegations are clearly baseless, fanciful, or delusional.  Over the last

thirty days, Plaintiff has filed numerous complaints and petitions in this Court.[1]  In most, if not all, Petitioner's allegations are utterly outlandish.  For example, Petitioner has claimed to be a "foreign national,"[2] an "Ambassador" of some unnamed country,[3] a "MD" and "religious figure,"[4] as well as a close friend of Beyonce Knowles and her husband Jay-Z.[5]  In this petition, he states that he is a direct descendant of Tupac Shakur and, therefore, Snoop Dogg owes him money.   ECF No. 1.

The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations

---

[1] In addition to this action, Plaintiff filed the following complaints or petitions in this Court during in July 2021:  See Diarra v. West Cent. Ga. Reg'l Hosp., 4:21-cv-112-CDL-MSH (filed July 2, 2021); Diarra v. Dekalb Cty. Jail, 4:21-cv-113-CDL-MSH (filed July 2, 2021); Diarra v. Kemp, 4:21-cv-114-CDL-MSH (filed July 2, 2021); Diarra v. ROC National LLC, 4:21-cv-115-CDL-MSH (filed July 2, 2021); Diarra v. Dep't of Health and Human Serv., 4:21-cv-116-CDL-MSH (filed July 2, 2021); Diarra v. Connolly, 5:21-cv-247-MTT-CHW (filed July 21, 2021); Diarra v. Brown, 5:21-cv-249-TES-CHW (filed July 21, 2021); Diarra v. Al Furquann Found., 5:21-cv-250-MTT-MSH (filed July 21, 2021); Diarra v. Comm'r of the Soc. Sec. Admin., 5:21-cv-252-TES-MSH (filed July 21, 2021); Diarra v. ACCC Ins. Co., 5:21-cv-248-TES-CHW (filed July 21, 2021); Diarra v. Fed. Bureau of Investigation, 5:21-cv-253-TES-MSH (filed July 21, 2021).

[2] Diarra v. Kemp, 4:21-cv-114-CDL-MSH (complaint filed July 2, 2021) (alleging a widespread conspiracy involving local authorities, Governor Brian Kemp, and President Joe Biden to unlawfully arrest Plaintiff, who is a foreign national and a sovereign citizen).

[3] Diarra v. Fed. Bureau of Investigation, 5:21-cv-253-TES-MSH (filed July 21, 2021) (alleging the FBI has refused to intervene on various occasions when numerous local law enforcement authorities conspired against and kidnapped Plaintiff, who is an Ambassador of an unnamed country).

[4] Diarra v. Al-Furqann, 5:21-cv-250-MTT-MSH (filed July 21, 2021) (alleging various judges, businesses, and others have conspired to interfere with numerous legal rights of Petitioner, who is a "MD" and "religious figure").

[5] Diarra v. ROC National LLC, 4:21-cv-115-CDL-MSH (filed July 2, 2021) (seeking to mandamus Beyonce Knowles and others because Beyonce, with whom Petitioner has a longstanding personal relationship, failed to follow through on her promise to give him $100,000).

in a complaint are "clearly baseless" the complaint must be dismissed as frivolous. *Neitzke*, 490 U.S. at 327. Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id*. at 328; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). Petitioner's factual allegations "rise to the level of the irrational or wholly incredible" and, therefore, the action must be dismissed as frivolous. *Denton*, 504 U.S. at 33.

Second, even if Petitioner's allegations were not outlandish, the Court could not grant mandamus relief against Respondent. Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Calvin Broadus a/k/a Snoop Dogg may be many things, but he is not an officer, employee, or agency of the United States. The Court, therefore, cannot issue a writ of mandamus compelling him to enter arbitration or to pay Petitioner $3,500,000.

Accordingly, this action is **DISMISSED** with prejudice as frivolous.[6] 28 U.S.C. §

---

[6] "A claim is frivolous if and only if it 'lacks and arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). Using this standard, Plaintiff's claims are frivolous. No amendment could overcome this obstacle to recovery. A dismissal with prejudice without allowing amendment is, therefore, appropriate. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (citing *Burger King Corp. v. C. R. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (finding no need to allow amendment before dismissing with prejudice if amendment would be futile); *Dysart v. BankTrust*, 516 F. App'x. 861, 865 (11th Cir. 2013) (finding that "district court did not err in denying [plaintiff's] request to amend her complaint because an amendment would have been futile"); *Simmons v. Edmondson*, 225 F.

1915(e)(2)(B)(i)-(ii).

**SO ORDERED**, this 5th day of August, 2021.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

App'x. 787, 788-89 (11th Cir. 2007) (finding district court did not err in dismissing complaint with prejudice without first giving plaintiff opportunity to amend because no amendment could overcome the defendants' immunity and would have, therefore, been futile).